UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARKIS C.D. SHIRLEY,

Petitioner,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

Respondent.

Case No.  25-cv-03751-VC

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY**

## INTRODUCTION

Markis C.D. Shirley has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C Section 2254 challenging the validity of his state criminal conviction. Shirley asserts the following claims: (1) the trial court's rejection of his plea bargain was unconstitutional; (2) the trial court's rejection of his request to represent himself was unconstitutional; and (3) the trial court's denial of his motion to dismiss his strike priors was unconstitutional. The petition is denied, and a certificate of appealability is denied.

## DISCUSSION

**I.      Shirley's Plea Bargain**

It was not unreasonable for the state appellate court to conclude that the trial court did not violate Shirley's due process or equal protection rights by rejecting his plea bargain. Shirley argues that the trial court's rejection of the plea agreement was unconstitutional because it was based exclusively on the late timing, and there was no pre-existing policy that the court would reject late agreements, nor was Shirley advised that a late agreement would be rejected. There is no "federal right that [a] judge accept" a plea where the judge has discretion to reject it under

state law. *Missouri v. Frye*, 566 U.S. 134, 148 (2012). Shirley attempts to cast the claim as an arbitrary denial of a statutorily granted liberty interest and therefore a due process violation. But as the state appellate court noted, "case law gave [Shirley] ample notice that a court would not be obligated to accept a plea bargain that the defendant waited until mid-trial to accept." *People v. Shirley*, No. A165769, 2023 WL 8251618, at *7 (Cal. Ct. App. Nov. 29, 2023).

A state law creates a "liberty interest" protected by the Due Process Clause if the law: (1) contains "substantive predicates" governing official decision making; (2) contains "explicitly mandatory language" specifying the outcome that must be reached if the substantive predicates are met; and (3) protects "some substantive end." *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995) ("*Bonin I*"), *cert. denied*, 516 U.S. 1051 (1996). Nothing in California Penal Code section 1192.5 constitutes mandatory language requiring a trial court to accept a plea. Generally, under state law, "[p]lea bargains . . . are subject to reasonable time constraints on their delivery to the court." *People v. Cobb*, 139 Cal. App. 3d 578, 587 (1983). California appellate courts "review[] a trial court's decision to accept or reject a proposed plea agreement under section 1192.5 only for abuse of discretion." *People v. Cuenca*, No. A118672, 2008 WL 4062069, at *3 (Cal. Ct. App. Sept. 3, 2008). Arbitrarily refusing to consider a proposed plea agreement "is an improper failure to exercise discretion." *Id.*

While Shirley attempts to differentiate his case from *Cobb* in that the *Cobb* ruling involved a pre-existing rule prohibiting plea agreements after the trial readiness conference, the absence of such a rule in Shirley's trial court does not create a federal liberty interest. State appellate courts appear to have both upheld and reversed the rejection of a late plea in the absence of a specific rule prohibiting one. *See, e.g.*, *People v. Colby*, No. F044664, 2004 WL 2914642, at *2 (Cal. Ct. App. Dec. 17, 2004) (reversing judgment because the court had no written local rule prohibiting negotiated plea agreements after the readiness conference, the defendant had no notice of the trial court's policy, and "rejection of a negotiated disposition simply because it is presented for consideration after the readiness conference is an arbitrary refusal to consider the offer"); *c.f. People v. Ogamba*, No. F067164, 2015 WL 3653440, at *3

(Cal. Ct. App. June 12, 2015) ("we are not persuaded that our holding in *Cobb* only applies to counties with promulgated rules concerning the timeliness of proposed plea agreements;" where there is no promulgated rule, individual judges maintain discretion "to impose reasonable time constraints.").

Because state law allows trial courts to reject a plea agreement based on timeliness, and does not consider such a rejection to be arbitrary, Shirley's contention that he was deprived of a state-created liberty interest in having his plea agreement accepted by the trial court fails.

Shirley also argues that the rejection of the plea violated his equal protection rights because similarly situated defendants in other counties can enter into mid-trial plea agreements. As the state appellate court found, the argument relies on the premise that the trial court automatically rejected his plea without exercising discretion based on a spontaneously created policy, which is contrary to the record.

The equal protection clause prohibits a state, or a state court, from establishing a rule and then applying it differently to different litigants. *See Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006). It does not protect against all inconsistencies in application of state law by courts or any conflict in state caselaw. *Id.* at 1084. As the appellate court noted, Shirley did not demonstrate that the Humboldt County Superior Court had enacted a rule that it applied differently to different litigants or that the county was responsible for disparities arising from different court rules in other counties. He also did not identify any county that allowed midtrial plea bargains. The state appellate court's rejection of the equal protection claim was reasonable.

## II.     Shirley's Request to Represent Himself

It was not unreasonable for the state appellate court to conclude that the trial court did not violate Shirley's constitutional rights by rejecting his request to represent himself after the trial began. Because the Supreme Court has not clearly established when a self-representation request under *Faretta v. California*, 422 U.S. 806, 832 (1975), is untimely, other courts, including state courts, are free to do so, as long as they comport with the Supreme Court's holding that a request made "weeks before trial" is timely. *Marshall v. Taylor*, 395 F.3d 1058, 1061 (9th Cir. 2005).

The trial court's ruling, and the appellate court's affirmance, did not violate *Faretta* by finding the request untimely after voir dire had begun, consistent with state case law.

### III.     Shirley's Motion to Dismiss His Prior Strikes

Shirley contends that the trial court erred in denying his motion to strike his prior strikes under *People v. Superior Ct. (Romero)*, 13 Cal. 4th 497 (1996), *as modified on denial of reh'g* (Aug. 21, 1996), and in applying section 667(a) enhancements. Because he did not raise the issue as a federal constitutional claim in the state appellate court or in his petition for review at the state supreme court, any federal claim related to the *Romero* motion or enhancement would not be exhausted. Shirley argues that to the extent he failed to raise the claim generally, he received ineffective assistance of counsel, but not specifically as to failing to raise a federal claim. The petition in this Court also does not identify any federal basis for the claim. It is therefore not cognizable in this federal proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Even if Shirley had invoked federal due process rights implicated by California sentencing law, such as pursuant to *Hicks v. Oklahoma*, 447 U.S. 343 (1980), his claim would not succeed. Although California law requires that a prior strike be stricken where there are two alleged prior strikes "based on the same act," *People v. Vargas*, 59 Cal. 4th 635, 642 (2014), Shirley's prior strikes of burglary and criminal threats were found by the trial court not to be based on the same act. He argued on appeal that because a burglary and its underlying intended felony cannot be punished separately, and the intended felony for the burglary had to have been the criminal threats, which was the other strike, they could therefore not both serve as strikes. But the *Vargas* court noted the California Supreme Court's prior holding that "in a case in which the offender's previous two crimes could not be separately punished at the time they were adjudicated because they were committed during the same course of conduct (§ 654), we held such close factual and temporal connection did not prevent the trial court from later treating the two convictions as separate strikes when the accused reoffended." *Vargas*, 59 Cal. 4th at 638.

The trial court noted that Shirley had pleaded to the two prior strikes "for a factual scenario that is a rape of a prostitute" to avoid having to register as a sex offender, and that he

struck that bargain on purpose. In his own appeal, Shirley acknowledged that he met up with a sex worker, did not have money to pay her, and engaged in nonconsensual sexual conduct with her by force by holding a sharp object up to her side. On this record, the appellate court's finding that the trial court did not abuse its discretion in finding that the two prior strikes were separate acts was not so arbitrary or capricious as to violate Shirley's due process rights. As the prosecutor argued in opposing the *Romero* motion, Shirley could have committed the burglary with the underlying intent to commit fraud, theft, or rape. Dkt. No. 14 at 498. Shirley has not identified any requirement under state law that a sentencing court consider only the convictions resulting from the pleas, and not the factual circumstances, in determining whether a strike must be stricken pursuant to *Vargas*.

As to the section 667(a) enhancements, the state appellate court did vacate one of them because they were charged in the same prior case. *Shirley*, 2023 WL 8251618 at *12. As Shirley has made no argument as to why both enhancements should have been vacated, there is nothing else for this Court to address.

## CONCLUSION

The petition is denied. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk shall enter judgment in favor of the respondent.

**IT IS SO ORDERED.**

Dated: July 13, 2026

_____
VINCE CHHABRIA
United States District Judge